IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

EARNEST ROBINSON,
ADC #79431                                                                          PLAINTIFF

v.                                          4:05CV01005HLJ

RANDY JOHNSON, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge

James M. Moody.    Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

> hearing before the District Judge in the form of an offer of
> proof,  and a copy,  or the original,  of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

> Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the defendants' motions for summary judgment (DE

##119-121, 131-133).  Plaintiff has filed responses in opposition to the motions (DE ##128-130,

144-146).

Plaintiff, a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department

of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging

deliberate indifference to his serious medical needs while he was incarcerated at the Pulaski County

Detention Facility (Jail) in 2003.  Specifically, plaintiff alleges defendant Carte improperly required

him to receive two tuberculosis (TB) skin tests in February, 2003 and August, 2003, which caused

his arm to swell and resulted in painful sores.  Plaintiff also alleges all defendants were responsible

for the improper testing and with the resultant isoniazid (INH) therapy which he received as a result

of the positive skin tests, which ultimately caused damage to his liver, including Hepatitis C.   In

addition to defendant Carte, who is the TB nurse at the Jail, the remaining defendants are Sheriff

Randy Johnson, Nurse Sarah Speer, who is the health services administrator at the Jail, and Dr. Carl

Johnson, a licensed physician who contracts to provide medical services at the Jail.  Plaintiff asks

for monetary relief from the defendants.

According to plaintiff's complaint and mostly undisputed facts set forth by the parties,

plaintiff entered the Jail in February 2003.  Pursuant to the Arkansas State Board of Health Rules

and Regulations, all inmates expected to be housed for more than fourteen days at a Facility, must

receive a tuberculin skin test within 72 hours of arrival at the Jail.   DE #120, Ex. A, DE #131, Ex.

C (affidavits of defendants Carte and Dr. Carl Johnson).   Upon plaintiff's arrival at the Jail, he told

the nurse he had previously taken INH for tuberculosis in the past and was instructed not to take

further skin tests.  Despite this, the nurse (the parties dispute that the nurse was defendant Carte) told

plaintiff his choice was to take the test or be isolated.  Plaintiff allowed the test to be administered,

and alleges it caused his arm to swell and turn into a painful sore, which lasted about a month.

According to Carte's affidavit, the skin test results were forwarded to the Arkansas Department of

Health (ADH), together with a form indicating plaintiff's medical history, including risk factors of

diabetes and drug and alcohol abuse.  The ADH returned a form indicating plaintiff was at high risk

of TB and prescribing 900 mg of INH to be administered for nine months, together with 50 mg of

B6.  Plaintiff received these injections from April 10, 2003 until his release from the Jail on June

9, 2003.  According to plaintiff's complaint, he also was subject to a chest x-ray at the Jail in March

or April, 2003 (DE #2).

According to Dr. Johnson's affidavit (DE #131), he was not involved in the screening or

treatment process, but did evaluate and treat plaintiff on April 1, 2003 for management of his

diabetes. He also examined plaintiff on August 27, 2003 and ordered a chest x-ray as a result of

plaintiff's past history of a positive skin test.

Plaintiff returned to the Jail in August, 2003, to await transport to the ADC.  At that time, plaintiff again informed a nurse (the parties again dispute that defendant Carte was the nurse)  he was not supposed to take a TB skin test, because of his medical history.  He was then isolated from other inmates.  Plaintiff alleges he asked defendant Carte to review his medical records which would confirm his prior positive test results, and also alleges defendant disregarded ADH policies which require questioning the patient concerning his prior testing and therapy.  Finally, plaintiff alleges because defendant Carte was aware of his medical history, she was deliberately indifferent to the harm which could be caused by further administration of the INH medication.  DE # 129.  Although a chest x-ray was ordered in August, 2003, plaintiff agreed to the skin test on September 15, 2003, which again caused a painful sore on his arm.  Defendant Carte again forwarded the skin test results to the ADH, which thereafter ordered further administration of INH.  Plaintiff received INH injections from October 20, 2003 until his release to the ADC on November 20, 2003.  DE # 120, Carte's affidavit.

Plaintiff further alleges he filed grievances with defendants Speer and Johnson, who failed to remedy his situation.

## II.  Summary Judgment Motions

### A.  Motion of defendants Randy Johnson, Speer and Carte

Defendants Randy Johnson, Speer and Carte move for dismissal of plaintiff's claims against them, stating he can not show that their actions requiring the TB tests and administering the prescribed   INH treatment, constituted deliberate indifference to his serious medical needs. Defendants state with respect to the alleged sores on his arm, plaintiff does not show a serious

medical need, or that the defendants' state of mind in administering the tests was that of deliberate indifference for the purpose of causing him harm. Defendants note the TB tests are required by state law as part of a program to protect and treat the medical needs of the inmates at the Jail. In addition, they state plaintiff provides no proof that the skin tests caused him harm, in that he does not allege that he requested treatment for his sores and was ultimately denied such, and has produced no verifying medical evidence to support his claims, citing Beyerbach v. Sears, 49 F.3d 1324 (8th Cir. 1995), and Dulany v. Carnahan, 132 F.3d 1234, 1241 (8th Cir. 1997). Defendants further state plaintiff provides no evidence that their conduct was malicious and sadistic, but rather, was for a legitimate purpose of disease screening and prevention. With respect to the INH injections, defendants state such orders were beyond the scope of their responsibilities, as the treatment was prescribed by the ADH. According to Carte's affidavit, her responsibilities are to read the skin tests, complete a treatment record, and forward such to the ADH. The INH was prescribed by a non-party ADH doctor, and plaintiff has provided no evidence of discretion to disregard such orders. Again, defendants state plaintiff fails to support a claim against them of malice or intent to harm.

Defendants also state they are protected from liability by qualified immunity, in that their actions were mandated by state law and were objectively reasonable in their beliefs that their conduct did not violate plaintiff's clearly-established rights.

B. Plaintiff's Response

In response, plaintiff states defendants Carte's actions in disregarding his statements about his prior positive skin tests and in imposing pressure on him to have the tests administered, supports a claim of deliberate indifference to his medical needs. Plaintiff alleges defendants failed to follow proper procedures requiring assessment of health risks associated with the testing and treatment, and

resulted in his weakened liver condition.  Plaintiff states a genuine issue of fact exists concerning whether defendants' actions constituted deliberate indifference, rendering summary judgment inappropriate.

C.  Defendant Carl Johnson's Summary Judgment Motion

Defendant Carl Johnson states he saw plaintiff on two occasions, on April 1, 2003, and August 26, 2003, at which times he assessed plaintiff's medical condition and wrote orders to ensure monitoring of plaintiff's diabetes.   Finally, defendant states a liver function test was ordered for the plaintiff.

D. Plaintiff's Response

Plaintiff again states in response that defendants administered the TB skin tests to him without following proper procedures and assessing the risks of injury to plaintiff, and the resultant INH therapy has caused liver damage.

E.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set

forth specific facts showing that there is a genuine issue for trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

F.  Analysis

    In order to support a claim for an Eighth Amendment violation, plaintiff must prove defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).    Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment."  Long v. Nix, 86 F.3d  761, 765 (8th Cir. 1996).  In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995).  Finally, "[i]n the face of medical records indicating that treatment was provided and

physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." <u>Dulany</u>, <u>supra</u>, 132 F.3d at 1240.

     1) Defendant Carte - Initially the Court notes that few disputes of fact exist in this case.  One dispute concerns whether defendant Carte was the nurse who performed the two TB skin tests on the plaintiff.  Even assuming defendant Carte was the nurse involved, the Court finds, as a matter of law,  that plaintiff does not support an Eighth Amendment claim against her, because he provides no proof of an actual injury.  According to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e) (PLRA), an inmate may not file a federal civil rights action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."     In <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997), the Court examined the "physical injury" requirement of the PLRA and concluded that "the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind,'" <u>quoting</u> <u>Hudson v. McMillian</u>, 112 S.Ct. 995, 1000 (1992).  This "de minimis" standard has been defined as requiring a "common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury?" <u>Luong v. Hatt</u>, 979 F.Supp. 481, 486 (N.D.Texas 1997).  In <u>Luong</u>, the Court held that an scratches, minor abrasions, and contusions constituted a de minimis injury, stating, "[a] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional.  It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks."  In <u>Siglar</u>, the Court concluded that a bruised ear constituted a de minimis injury.

     Although the <u>Siglar</u> case concerned an Eighth Amendment allegation of excessive force, and the

Luong case concerned an Eighth Amendment allegation of failure to protect, the physical injury requirement also has been applied in Eighth Amendment denial of adequate medical care cases. In Leon v. Johnson, 96 F.Supp. 244 (W.D.N.Y 2000), the Court cited Siglar in support of the physical injury requirement, in a case alleging a denial of adequate medication. In addition, in Hammond v. South Carolina Department of Corrections, 2007 WL 2822394 (D.S.C. 2007), the Court stated plaintiff could not prevail on his denial of adequate medical care claim absent a showing of having suffered any serious injuries or that his medical needs were serious or life threatening.

As noted earlier, although plaintiff alleges he suffered a sore arm for about a month, he provides no evidence supporting his claim, and further does not allege it was serious enough to require treatment. Therefore, the Court finds even if defendant Carte disregarded plaintiff's statements concerning his prior test results, plaintiff suffered no injury.

Furthermore, any allegations against defendant Carte as a result of plaintiff receiving the INH medication do not support an Eighth Amendment claim. Plaintiff does not dispute that Carte did not prescribe the medication, or that she was unable to disregard orders to inject plaintiff with the medication. Furthermore, plaintiff has provided absolutely no medical evidence, by physician's affidavits or by medical records, to support his claim of liver damage as a result of the INH.

2) Defendant Dr. Carl Johnson - The Court also finds absolutely no evidence of deliberate indifference on this defendant's part. Defendant states he examined plaintiff on two occasions, once after the initial skin test, and then prior to the second skin test. Plaintiff does not support a finding of recklessness by defendant Johnson, and does not allege he disregarded information provided by plaintiff which would result in harm. Again, plaintiff has provided no evidence of a serious medical need with respect to the sores on his arm, and has provided no proof of liver damage as a result of receiving the INH medication, pursuant

to ADH orders.  Therefore, his claims against defendant Dr. Carl Johnson also should be dismissed.

3) Defendants Randy Johnson and Sarah Speer -With respect to plaintiff's allegations against these defendants, it does not appear that either of these defendants were personally involved in  plaintiff's medical care and treatment.  Plaintiff's allegations against them appear to be based on their supervisory authority, and such liability is not available in actions filed pursuant to 42 U.S.C. § 1983.  See Glick v. Sargent, 696 F.2d 413, 414 (8th Cir. 1983), and Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983).   Furthermore, plaintiff's allegations against these two defendants only concern their responses to his grievances, and he does not allege or establish any personal participation by them in his medical care and treatment.   Therefore, the Court finds as a matter of law that  plaintiff fails to support an Eighth Amendment claim against defendant Speer and Randy Johnson.

In conclusion, the Court finds plaintiff's allegations against defendants of deliberate indifference to his medical needs are unsupported by any evidence, and as a matter of law, his claims against defendants should be dismissed, with prejudice.  Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions for summary judgment (DE ##119, 131) are hereby GRANTED, and plaintiff's complaint against defendants is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 14th day of January, 2008.


_Henry L. Jones, Jr._
United States Magistrate Judge